PER CURIAM.
|,Denied.,. Relator fails to show.she received ineffective assistance of trial counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Relator also fails to show appellate counsel “ignored issues ... clearly stronger than those presented,” Smith v. Robbins, 528 U.S. 259, 288, 120 S.Ct. 746, 765, 145 L.Ed.2d 756 (2000) (citation and internal quotation marks omitted), and that there was a. “reasonable probability” she would have prevailed on the omitted claim on appeal. Mayo v. Henderson, 13 F.3d 528, 533-54 (2d Cir.1994). Finally, relator, has previously fully litigated her claims regarding the district court’s application of La.C.E. art. 606(B). See La.C.Cr.P. art. 930.4(D). We attach and incorporate herein the District Court’s written reasons for ruling.
Relator has now fully litigated her original and supplemental applications for state post-conviction relief. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of. a second or successive, application only under ,the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La. C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended La. C.Cr.P. art. 930.4 to make .the ^procedural bars against successive filings mandatory. Relator’s claims; have now been fully litigated in state collateral proceedings in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless relator can show that one of the narrow exceptions' authorizing the filing of a successive application applies, relator has exhausted her right to state collateral review.
|, ATTACHMENT
STATE OF LOUISIANA VS AMY T. HEBERT
NO: 448,360
17TH JUDICIAL DISTRICT COURT PARISH OF LAFOURCHE STATE OF LOUISIANA.
REASONS LOR JUDGMENT ON APPLICATION FOR POST-CONVICTION RELIEF •
‘On May 14, 2009, the defendant, Amy T. Hebert, after a trial by jury, was convicted of two counts of fir'st degree murder, and she was sentenced to life irhprisbnment on February 4, 2010;
The convictions have become final, and the defendant filed an application for post-conviction relief on January 16, 2013. The District Attorney was ordered to file an answer to the application, but, instead of filing an answer, he filed on behalf of the State of Louisiana, a Motion to Strike Pleadings and Exhibits which he has labeled as procedural objections to the Ap *24 plication. On April 8, 2013, a hearing was held on the State’s Motion to Strike Pleadings and Exhibits and the Court granted the Motion to Strike as to paragraphs 2 and 3, to which, defendant filed a supervisory writ with the Louisiana First Circuit Court of Appeal. On July 29, 2013, the First Circuit, Court of Appeal denied defendant’s writ. Defendant then filed a writ with the Louisiana Supreme Court, which writ was dehied on May 30, 2014.
On June 20, 2014, the court ordered the District Attorney to file an answer to defendant’s application for post-conviction relief by July 21, 2014. However, on June 23, 2014, defendant filed a Supplement to Application for Post-Conviction Relief and Motion for Evidentiary Hearing, which the court granted. On July 23, 2014, the District Attorney filed Procedural Objections to defendant’s supplemental application.
The Court considered defendant’s Supplement to Application for Post-Conviction Relief and Motion for Evidentiary Heaving and the Procedural Objections filed by the District Attorney to defendant’s supplement- application and denied the State’s Procedural Objections, and on August 14, 2014, the court ordered the District Attorney to file an answer to defendant’s Post Conviction Relief .and Supplemental. Post Conviction Relief. The District Attorney filed it’s answer on September 12, 2014.
Petitioner filed this application for post-conviction relief .and makes the following claims:
|21) The State. unlawfully struck qualified prospective female jurors on the basis of gender in violation of the equal protection clauses of the United States and Louisiana Constitutions and J.E.B, V. Alabama.
2) The introduction of extraneous information in the form of purported medical expertise in a. case that hinged on closely-contested expert'medical testimony violated petitioner’s right to confrontation, her right to an impartial jury, and her right to a fair trial.
3) Where the jurors engaged in premature deliberations árid prejudgment of the case, petitioner was denied her rights to due process and an impartial jury.
4) Trial counsel’s disclosure to the state of its investigative work-product, including its witness interviews and petitioner’s own statements, constituted a violation of her right to effective assistance of counsel and her privilege against self-incrimination.
5) Appellate counsel was ineffective in failing to challenge the constitutionality of the exhaustive warrantless search' of petitioner’s home in violation. of the fourth, sixth, and fourteenth amendments.
In her supplemental application for post-conviction relief petitioner makes the following claims:
S-l) Trial counsel’s failure to follow up on information that petitioner had a long-standing but untreated seizure disorder that likely caused •her psychotic break constituted ineffective assistance of counsel, as this evidence was essential to a ■" meaningful presentation of peti- ■ tioner’s insanity defense.
The court having considered the application and supporting documents, the answer of the custodian through the District Attorney of this parish, and the record in this matter, and finding that the factual and legal issues raised, by the claims of the petitioner can be resolved based upon the record:
*25 , The petition is dismissed without a hearing for the following reasons:
1)Petitioner claims ineffective assistance of counsel when counsel failed to raise an objection to the State unlawful use of peremptory challenges to strike qualified prospective female | ¡jurors on the basis of gender.
Of the jurors stricken, there were many sufficiently gender-neutral explanations for the use of peremptory challenges including: religious, moral or ethical considerations, self-employed business owners, jurors with medical or psychiatric problems, jurors with family members that had psychiatric problems, one juror who knew the defendant, and those jurors that had misgivings about imposing the death penalty.
Petitioner claims she was denied effective assistance of counsel. In assessing a claim of ineffectiveness, a two-pronged test is employed. The petitioner must show that (1) her attorneys’ performance was deficient, and (2) the deficiency prejudiced her. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Soler, 93-1042, p. 9 (La.App. 5 th Cir. 4/26/94), 636 So.2d 1069, 1075, writs denied, 94-0475 (La.4/4/94), 637 So.2d 450; 94-1361 (La.11/4/94), 644 So.2d 1055. To show “prejudice” as required in order to establish ineffective assistance of counsel, the petitioner must demonstrate that, but for counsels’ unprofessional conduct, the outcome of the trial would have been different. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; State v. Soler, supra. Effective assistance of counsel does not mean errorless counsel, or counsel who may be judged ineffective on mere hindsight, State ex rel. Graffagnino v. King, 436 So.2d 559, 564 (La.1983), it only required counsel who, in fact, renders reasonable assistance The record in this matter reflects that petitioner’s counsel used their experience and training in the most skillful manner to properly defend petitioner against the charges.
This claim has no merit- and post-conviction relief is not warranted.
2) The récord reflects that this claim has been dismissed due to a procedural objection filed by the district attorney; therefore, this claim does not require an answer.
3) The record reflects that this claim has been dismissed due to a procedural objection filed by' the district attorney; therefore, this claim does' not require an answer.
4) Petitioner makes a claim that trial counsels’ disclosure and the acceptance of an open-file agreement with the district attorney’s office disclosed investigative work-product, including its own witnesses interviews, and petitioner’s own statements, violated her right to self-incrimination, and therefore, petitionér’s counsel provided ineffective assistance of counsel.
^Petitioner’s argument is misplaced. The witnesses identified by defense counsel were all known to the members of the victims’ family before their identities were disclosed by defense counsel. The State was aware of the nature of the relationship between those witnesses and the - defendant through information provided by the victims’ family. The State would have eventually learned the identity of-, all of petitioner’s family, friends and acquaintances through their own investigation.
Petitioner complains that her statements should not have been provided to the State as they constitute a violation of her privilege against self-incrimination. La.C.E. articles 501 et seq. and La.C.E. art. 801(D)(2) state that petitioner’s statement made to friends and-family are neither privileged nor inadmissible. Petitioner herself-provided her expert witnesses with *26 information that is the basis of this claim. Petitioner’s expert reports were subject to the mandatory disclosure to the State by order of the Court making petitioner’s statements to her experts available to the State through a collateral source.
Petitioner also benefitted from the open-file agreement. The State was only required to provide limited physical and documentary evidence as provided for under La.C.Cr.P. art. 716 et seq., for which the defense would not have been entitled — the investigative report, the many statements obtained from both law enforcement and lay witnesses during the investigation, the photographs taken during the investigation, and the disposition of all the physical evidence collected.
The record reflects that defense counsel used their experience and training in the most skilled manner to properly defend the petitioner against the charge. The right to counsel does not require errorless counsel or counsel judged ineffective by hindsight; it only requires counsel who, in fact, renders reasonable assistance. This claim has no merit.
5) In this claim, petitioner alleges that her appellate counsel was ineffective in failing to challenge the constitutionality of the exhaustive warrantless search of petitioner’s home in violation of the fourth, sixth, and fifteenth amendments.
Petitioner, in her Reply to the State’s “Answer to Application to Post Conviction Relief,” did not claim that the initial entry into her home was unlawful. Petitioner complaints are of the |Bsubsequent “war-rantless” search of her home and the seizure of evidence taken during that search.
Officers did not enter petitioner’s home until they heard cried of distress- from petitioner’s father-in-law, Buck Hebert, who entered petitioner’s home out of fear and concern for petitioner and her children. When Mr. Hebert called for help, the officers entered the home.
Upon entering the home and observing large amounts of blood, the officer’s began their search for the cause of the blood and to determine if its residents of were safe. Because it was difficult to determine what had taken place, once the scene in petitioner’s bedroom was secured, officers conducted a protective sweep to secure the premises. The evidence seized from petitioner’s home and introduced into evidence was observed in “plain view” by the officers while in the home, and the evidence seized were those objects that were lying in plain view and had the obvious presence of blood. See State v. Brown, 370 So.2d 525 (La.1979).
If appellate counsel for the petitioner had asserted this claim on appeal, the appellate court would have been found the claim to be meritless. Thus, counsels’ alleged failure to assert the claim has not prejudiced the applicant This claim has no merit.
S-l) Petitioner claims that trial counsel’s failure to followup on information that petitioner had a long-standing but untreated seizure disorder that likely caused her psychotic break constituted ineffective assistance of counsel, as this evidence was essential to a meaningful presentation of petitioner’s insanity defense. Petitioner’s attorneys were not medical or psychiatric experts; however, her'attorneys exercised due diligence and hired medical and psychiatric experts to help with her insanity defense. One of petitioner’s own experts, Dr. Glenn W. Ahava, Ph.D., considered her history of frontal lobe epilepsy and her treatment history in his opinion and relayed this to the jury. The record reflects that defense counsel used their experience and training in the most skillful manner to properly defend the petitioner against the charge.
*27 On the appeal in petitioner’s case,' the First Circuit Court of Appeal stated:
... the determination of whether the defendant’s evidence successfully rebuts the presumption of sanity is made by the trier of fact viewing all of the evidence, including lay and expert testimony, the conduct of the defendant, and the defendant’s actions in committing the particular crime.. Thames, 681 So.2d at 486. The issue of insanity is a factual question for the jury to decide. Thames, 681 So.2d at 486.. Lay testimony concerning a defendant’s actions, both before and after the crime, may provide the jury with a rational basis for rejecting even a unanimous medical opinion that a defendant was legally insane at the time of the offense. |fiThames, 681 So.2d at 486. Louisiana does not recognize the defense of diminished capacity. State v. Pitre, 04-0545 (La.App. 1 Cir. 12/17/04); 901 So.2d 428, 444, writ denied, 05-0397 (La.5/13/05);' 902 So.2d 1018. A mental disease or defect short of insanity cannot serve to negate an element of tire crime. Pitre, 901 So.2d at 444.
The record reflects that defense counsel used their experience and training in the most skillful manner to properly' defend the petitioner against’ the charge. The right to counsel does not require errorless counsel or counsel judged ineffective by hindsight; it only requires counsel who, in fact, renders reasonable assistance. This claim has no merit.
Thibodaux, Louisiana,' this 29th day of December, 2014.
/s/ Jerome J. Barbera JEROME J. BARBERA III, JUDGE 17th Judicial District C'ourt Division “B”